UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
BENJAMIN HUNTER,

    Petitioner,

-against-

MELVIN HOLLINS,

    Respondent.
------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 02-CV-6801 (FB) (LB)

*Appearances:*
*For the Petitioner:*
BENJAMIN HUNTER, *Pro Se*
918 East 14th Street, #F5
Brooklyn, NY 11230

*For the Respondent:*
Richard A. Brown
District Attorney Queens County
By: Johnnette Traill, ESQ.
   Assistant District Attorney
125-01 Queens Boulevard
Kew Gardens, NY 11415

**BLOCK, District Judge:**

  On November 15, 2000, *pro se* petitioner, Benjamin Hunter ("Hunter") pleaded guilty to one count of criminal possession of a weapon and waived his right to appeal in exchange for a promised sentence of two-to-four years' imprisonment. He now seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on the ground, *inter alia*, that his trial counsel was ineffective for failing to file a notice of appeal after Hunter expressly instructed him to file one. In support, he attached a copy of a letter that he sent to his attorney, which stated:

> And also what about my appeal and if they gave me a lawyer because if you can't afford one they assign one for free to represent my appeal . . . . I did like you said [and] didn't file

> any appeal but now you aren't answering my letters [and] I'm sure you're busy but at least let me or my brother know what's up . . . .

Hunter's Mem. of Law, Ex. C.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show that (1) counsel's representation "fell below an objective standard of reasonableness" based on "prevailing professional norms," and (2) the petitioner was prejudiced. *Id.* at 688, 694.

> A lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable. The petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal.

*Garcia v. United States*, 278 F.3d 134, 137 (2d Cir. 2002) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 484 (2000)). The Second Circuit in an unpublished decision and the Ninth Circuit have each (1) held that a *habeas* petitioner would be entitled to a new appeal if, despite pleading guilty and waiving his right to appeal, he instructed trial counsel to file a notice of appeal and trial counsel failed to file one, and (2) instructed that a district court should hold an evidentiary hearing when a petitioner makes such an averment. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005); *Reyes v. United States*, 96 Fed. Appx. 748 (2d Cir. 2004) (unpublished). Other district courts, however, have held that under those circumstances a *habeas* petitioner was "precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal." *Boynton v. Hicks*, 2003 WL 22087634, at *4 (S.D.N.Y. Sept. 9, 2004) (citations omitted); *see also Tian v. United States*,

2005 WL 1713056, at *7 (S.D.N.Y. July 22, 2005) (holding that counsel was not ineffective because petitioner had knowingly and voluntarily waived right to appeal).

Accordingly, within thirty days from the date of this Order, the government shall brief whether the Court should hold an evidentiary hearing to determine whether Hunter instructed his trial counsel to file a notice of appeal.

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
December 6, 2005