UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BENJAMIN HUNTER,

        Petitioner,   **MEMORANDUM & ORDER**
              Case No. 02-CV-6801 (FB) (LB)
-against-

MELVIN HOLLINS,

        Respondent.
-------------------------------------------------------x

*Appearances:*

| For the Petitioner: | For the Respondent: |
|---|---|
| ANDREW L. CARTER, JR., ESQ. | Richard A. Brown |
| Federal Defenders of New York, Inc. | District Attorney Queens County |
| 16 Court Street | By:   Johnnette Traill, ESQ. |
| Brooklyn, NY 11241 |        Assistant District Attorney |
| | 125-01 Queens Boulevard |
| | Kew Gardens, NY 11415 |

**BLOCK, Senior District Judge:**

   On November 15, 2000, petitioner, Benjamin Hunter ("Hunter") pleaded guilty to one count of criminal possession of a weapon and waived his right to appeal in exchange for a promised sentence of two-to-four years' imprisonment. He now seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on the ground, *inter alia*, that his trial counsel was ineffective for failing to file a notice of appeal after Hunter expressly instructed him to file one. In support, he attached a copy of a letter that he sent to his attorney, which stated:

> And also what about my appeal and if they gave me a lawyer because if you can't afford one they assign one for free to represent my appeal . . . . I did like you said [and] didn't file

> any appeal but now you aren't answering my letters [and] I'm sure you're busy but at least let me or my brother know what's up . . . .

Hunter's Mem. of Law, Ex. C.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show that (1) counsel's representation "fell below an objective standard of reasonableness" based on "prevailing professional norms," and (2) the petitioner was prejudiced. *Id.* at 688, 694.

> A lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable. The petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal.

*Garcia v. United States*, 278 F.3d 134, 137 (2d Cir. 2002) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 484 (2000)).

There is a divide among courts regarding whether an attorney provides ineffective assistance where a defendant who has pleaded guilty and waived the right to appeal nonetheless instructed the attorney to file a notice of appeal and the trial counsel failed to do so. The three circuit courts that have addressed the issue have all ruled that the failure to file a notice of appeal under those circumstances amounts to ineffective assistance and thus, a defendant is entitled to a new appeal. *See Gomez-Diaz v. United States*, 433 F.3d 788, 793-94 (11th Cir. 2005) ("The reasoning in *Flores-Ortega* applies with equal force where, as here, the defendant has waived many, but not all, of his appellate rights."); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005) (noting that,

notwithstanding a defendant's guilty plea and waiver of his right to appeal, "If . . . it is true that [the defendant] explicitly told his lawyer to appeal his case and his lawyer refused, then we are required by *Flores-Ortega* to conclude that it was deficient performance not to appeal and that [the defendant] was prejudiced."); *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005) (same).

By contrast, district courts within the Second Circuit have held that under those circumstances a defendant was "precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal." *Boynton v. Hicks*, 2003 WL 22087634, at *4 (S.D.N.Y. Sept. 9, 2004) (citations omitted); *see also Tian v. United States*, 2005 WL 1713056, at *7 (S.D.N.Y. July 22, 2005) (holding that counsel was not ineffective because petitioner had knowingly and voluntarily waived right to appeal). The Second Circuit has not reached the issue in a published opinion. *See Todd v. United States*, 165 Fed. Appx. 99, 101 (2d Cir. 2006) (unpublished) ("[W]e need not decide whether *Flores-Ortega*'s presumption would apply even if [the defendant], as a condition of his plea agreement, had waived his right to appeal the restitution order."); *Reyes v. United States*, 96 Fed. Appx. 748, 750 (2d Cir. 2004) (unpublished) ("[T]he Government concedes that even though [the defendant] waived his right to a direct appeal through a plea agreement, his counsel would have been *per se* ineffective if he had ignored a request from [the defendant] to file a notice of appeal.").

Under New York law, a defendant who has waived his right to appeal still maintains a limited ability to pursue an appeal, including the right to challenge the legality

3

of his sentence, his competency to stand trial and whether he was denied a speedy trial. *See People v. Seaberg*, 74 N.Y.2d 1 (1989). Because a defendant who waives his right to appeal retains the right to raise <u>some</u> issues on appeal, the Court agrees with the three circuit courts that have held that an attorney's failure to file a notice of appeal in the face of a direct instruction to file one amounts to ineffective assistance of counsel even where the defendant has waived many of his appellate rights.

Accordingly, the Court held a hearing on August 2, 2006, to determine whether Hunter instructed his trial counsel to file a notice of appeal. After hearing testimony from both Hunter's trial counsel and Hunter, the Court credited Hunter's testimony that he indeed had instructed his trial counsel to file a notice of appeal. Therefore, the Hunter's petition for a writ of habeas corpus is granted in regard to his ineffective-assistance claim for failure to file a notice of appeal; the Court will stay Hunter's *habeas* petition as to the remainder of the claims. Within 20 days of the date of this Memorandum and Order, counsel for Hunter shall file a notice of appeal in state court on Hunter's behalf and attach a copy of this Memorandum and Order.

/signed/
FREDERIC BLOCK
United States Senior District Judge

Dated: Brooklyn, New York
August 17, 2006